HAROLD JONES, PLAINTIFF, v. LOUIS VONAH, DEFENDANT.

Decided November 20, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the rule, *Edwin F. Smith* and *Raymond Dawson.*

*Contra, Theodore D. Parsons.*

PER CURIAM.

The plaintiff, a special motorcycle policeman employed by the township of Middletown, while patrolling the Keyport-Red Bank turnpike, on the afternoon of Sunday, October 13th, 1929, was run down and injured by an automobile driven by the defendant, Vonah. The highway was pretty well crowded, a double line of cars going north and a single line going south. The plaintiff, who was traveling south, turned out to the left of this single line of cars for the purpose of passing one or more of them, but still remained upon that portion of the highway devoted to southbound traffic. Before he had turned in again, however, the defendant's car, which was going north, swung out from the double line over and across the edge of the south-bound strip and collided with plaintiff's motorcycle, throwing him therefrom and severely injuring him. This was the testimony submitted on behalf of

the plaintiff in support of his claim for compensation for the injuries received in the collision. The testimony supporting this state of facts was denied by witnesses called by the defendant, who testified that the plaintiff swung out beyond the line of south-bound traffic and crossed over to that part of the highway devoted to northbound traffic, and, having done so, collided with the car of the defendant, which was in its proper place on the highway. The trial resulted in a verdict in favor of the plaintiff, the jury awarding him as compensation $26,500.

The jury believed the story told by the plaintiff and his witnesses, and we cannot say that they were not justified in doing so. This being so, we conclude that the first ground upon which we are asked to set aside the verdict—namely, that it was against the weight of the evidence—is without legal merit.

The only other ground urged for making the rule absolute is that the verdict was excessive. Counsel for the plaintiff admits this to be the fact, and suggests that a reduction of the award by $6,500 would be proper. We concur in his view that the verdict is excessive, and think that there should be .a reduction of the award by $10,000.

If the plaintiff will consent thereto, he may enter judgment for the reduced amount. Otherwise the rule to show cause will be made absolute.